Marian F. Harrison
US Bankruptcy Judge

Dated: 05/20/10

# IN THE UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF TENNESSEE
## AT NASHVILLE

| | |
|---|---|
| IN RE: | ) |
| | ) CASE NO.  308-05609-MH3-13 |
| TOMI ANGIE COX, | ) |
| | ) JUDGE MARIAN F. HARRISON |
| Debtor. | ) |
| | ) |
| TENNESSEE COMMERCE BANK, | ) ADV. NO. 309-0410A |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TOMI ANGIE COX, | ) |
| | ) |
| Defendant. | ) |
| | ) |

_____

## MEMORANDUM OPINION
_____

This matter is before the Court upon Tennessee Commerce Bank's (hereinafter "Tennessee Commerce") dischargeability complaint and the debtor's motion to enlarge the time to file a claim on Tennessee Commerce's behalf. For the following reasons, which represent the Court's findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52(a)(1) as incorporated by Fed. R. Bankr. P. 7052, the Court finds that the debt to

Tennessee Commerce is non-dischargeable pursuant to 11 U.S.C. § 523(a)(3) and that the debtor's motion to enlarge the time for filing a claim on behalf of Tennessee Commerce should be denied.

## I. BACKGROUND

On December 28, 2007, Gatherings Senior Nutrition Services, Inc. (hereinafter "GSNS"), executed and delivered to Tennessee Commerce a Promissory Note in the principal amount of $108,899.10. In connection with the Promissory Note, on that same date, the debtor executed and delivered a Commercial Guaranty which absolutely and unconditionally guarantees the full and punctual payment and satisfaction of the debt owed to Tennessee Commerce under the Promissory Note. The debtor is the 100% owner of GSNS.

The debtor filed her voluntary Chapter 13 petition on July 1, 2008, but failed to list or schedule Tennessee Commerce as a creditor. The deadline to timely file proofs of claim in the debtor's bankruptcy case was November 17, 2008. The debtor's plan, which did not provide for the debt to Tennessee Commerce, was confirmed on September 23, 2008. At trial, the debtor testified that she signed the Guaranty while at the hospital in labor and believed she was signing it in her corporate capacity only. The debtor further testified that she did not list Tennessee Commerce as a creditor because she did not believe that the Guaranty was a personal debt.

On December 4, 2008, GSNS filed a voluntary Chapter 11 petition. In the GSNS case, Tennessee Commerce filed a timely proof of claim in the amount of $93,293.85 on April 9, 2009. On September 29, 2009, at a hearing in the GSNS case, Tennessee Commerce's counsel learned for the first time that the debtor had also filed for bankruptcy protection. At this point, it was almost 15 months after the debtor had filed her Chapter 13 petition and more than 10 months after the deadline to file proofs of claim in the debtor's case.

The total amount currently due under the Note and the Guaranty is principal in the amount of $87,630.50, plus accrued and unpaid interest through March 19, 2010, in the amount of $12,411.68, plus late charges and fees in the amount of $3,697.68, for a total of $103,739.86. Interest continues to accrue on the principal amount at the per diem rate of $24.34.

One business day before the trial in the adversary, the debtor filed her motion to enlarge the time for her to file a claim on behalf of Tennessee Commerce. The Chapter 13 Trustee and Tennessee Commerce both oppose the motion.

## II. ARGUMENTS

Tennessee Commerce asserts that its debt is non-dischargeable pursuant to 11 U.S.C. § 523(a)(3) because the debtor did not include the debt in her schedules and statements and

3 - U.S. Bankruptcy Court, M.D. Tenn.

because Tennessee Commerce did not receive notice of the debtor's bankruptcy until after the time for filing proofs of claim had expired.

In response, the debtor concedes that she did not list Tennessee Commerce's claim and that Tennessee Commerce did not have notice of the bankruptcy until after the time for filing proofs of claim had expired. However, the debtor asserts that she is entitled to late file a proof of claim on behalf of Tennessee Commerce and pay it pursuant to her confirmed Chapter 13 plan. In addition, the debtor has filed a motion to enlarge the time for filing a claim on behalf of Tennessee Commerce, asserting excusable neglect because she did not realize she owed this debt on the date of the petition and therefore, did not list it on her original Chapter 13 statements and schedules.

The Chapter 13 Trustee objects to the enlargement of time for the debtor to file a proof of claim on behalf of Tennessee Commerce. Specifically, the Chapter 13 Trustee asserts that it is unfair and inequitable to permit the debtor, who failed to schedule and provide notice to a general unsecured creditor, to now, at this late date, be permitted to file a motion to enlarge the time for her to file a claim on behalf of Tennessee Commerce, thus reducing the dividend to unsecured creditors (who timely filed claims) from 13% to 9%.

### III. DISCUSSION

#### A. NON-DISCHARGEABILITY PURSUANT TO 11 U.S.C. § 523(a)(3)

Under 11 U.S.C. § 523(a)(3)(A),[1] if a debt is not scheduled in time to permit a creditor to file a proof of claim in a case in which a distribution is made to creditors, the debt is nondischargeable.

The critical factual issue under 11 U.S.C. § 523(a)(3) is whether the plaintiff had notice or actual knowledge of the case in time to file a timely proof of claim. *In re Scassa*, 2009 WL 1586566, *5 (Bankr. N.D. Ohio Jan. 16, 2009). In the present case, there is no factual dispute regarding the application of 11 U.S.C. § 523(a)(3). The debtor concedes that she did not include Tennessee Commerce in her statements and schedules and that Tennessee Commerce did not have notice of the bankruptcy until well after the deadline for filing proofs of claim had expired.

Instead, the debtor argues that it is not too late for her to file a proof of claim on behalf of Tennessee Commerce and then provide for Tennessee Commerce's debt in her Chapter 13 plan. Thus, if the debtor is allowed to late file a proof of claim on behalf of Tennessee Commerce, the basis for Tennessee Commerce's adversary action would become moot. However, as discussed below, the Court finds that the debtor's motion to enlarge the time for filing a proof of claim on behalf of Tennessee Commerce should be denied.

---

[1] There has been no allegation that this is a debt of a kind specified in § 523(a)(2), (4), or (6), the nondisclosure of which would be addressed by § 523(a)(3)(B).

## B. MOTION TO ENLARGE TIME TO LATE FILE CLAIM

The debtor submits that she should be allowed to late file a claim on behalf of Tennessee Commerce pursuant to Fed. R. Bankr. P. 3004, which provides:

> If a creditor does not timely file a proof of claim under Rule 3002(c) or 3003(c), the debtor or trustee may file a proof of the claim within 30 days after the expiration of the time for filing claims prescribed by Rule 3002(c) or 3003(c), whichever is applicable. The clerk shall forthwith give notice of the filing to the creditor, the debtor and the trustee.

On its face, Fed. R. Bankr. P. 3004 appears to preclude the filing of a protective claim beyond 30 days after the time limits set by Fed. R. Bankr. P. 3002(c). However, Fed. R. Bankr. P. 9006(b)(1) provides for enlargement of the time if the debtor can show excusable neglect:[2]

> Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) *on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.*

(Emphasis added).

In ***Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship***, 507 U.S. 380, 395 (1993), the Supreme Court held that a determination of whether a party's neglect is

---

[2] Fed. R. Bankr. P. 9006(b)(2) and (3) identify those rules where enlargement of time is either prohibited or limited. Rule 3004 is not included within either of these subsections.

6 - U.S. Bankruptcy Court, M.D. Tenn.

Case 3:08-bk-05609    Doc 78    Filed 05/21/10    Entered 05/21/10 09:26:34    Desc Main
Document    Page 6 of 9

"excusable" is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." The Court set out five factors to balance when determining the existence of excusable neglect: (1) "the danger of prejudice to the debtor," (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the reason for the delay," (4) whether the delay "was within the reasonable control of the movant," and (5) "whether the movant acted in good faith." *Id.*

In the present case, the proof did not support a finding that the debtor's negligence in failing to list Tennessee Commerce as a creditor in her statements and schedules or her delay in filing a motion to enlarge the time for filing a claim on behalf of Tennessee Commerce is excusable. Only the first factor in ***Pioneer*** (the danger of prejudice to the debtor) weighs in favor of the debtor.

The length of the debtor's delay in filing this motion – over 18 months after her plan was confirmed and almost 6 months after Tennessee Commerce received notice of the debtor's bankruptcy – is significant. Moreover, the delay will impact other unsecured creditors. A debtor must establish "the consequences the allowance of the tardy protective claim would have upon the unsecured creditors who have already been provided for under the plan." ***In re Moore,*** 247 B.R. 677, 688 (Bankr. W.D. Mich. 2000).

The debtor argued that the allowance of Tennessee Commerce's claim would have no effect on any other unsecured creditors except for a slight delay in disbursement and that the dividend to the unsecured creditors would remain at 1%. However, as pointed out by the Chapter 13 Trustee, the dividend to unsecured creditors is actually 13% under the current plan, and the addition of this claim would reduce their payment to 9%. This reduction in payment to unsecured creditors at this late date is neither fair nor equitable.

In addition, the debtor's testimony regarding the reason for the delay is not credible. The debtor testified that she thought the guaranty was only in her corporate capacity rather than a guaranty by her individually. The debtor owned 100% of GSNS, signed other guaranties on behalf of GSNS (which were listed in her statements and schedules), and had some past corporate experience.

Based on these factors, the Court finds that the debtor's lateness in requesting permission to enlarge the time for filing a proof of claim on behalf of Tennessee Commerce does not constitute excusable neglect.[3] It follows that if the debtor cannot late file a proof of claim on behalf of Tennessee Commerce, the debt is non-dischargeable.

---

[3] The Court does not address the issue of whether the debtor would be allowed to modify her plan. Based on the Court's finding that the debtor cannot late-file a proof of claim on behalf of Tennessee Commerce, the issue is moot. Moreover, no motion to modify the plan has been filed with the Court.

## IV. CONCLUSION

Accordingly, the Court finds that Tennessee Commerce's claim is non-dischargeable pursuant to 11 U.S.C. § 523(a)(3) and that the debtor's motion to enlarge the time for her to file a claim on behalf of Tennessee Commerce should be denied.

An appropriate order will enter.

**This Memorandum Opinion was signed and entered electronically as indicated at the top of the first page.**

9 - U.S. Bankruptcy Court, M.D. Tenn.

This Order has Been electronically signed. The Judge's signature and Court's seal appear at the top of the first page.
United States Bankruptcy Court.

Case 3:08-bk-05609    Doc 78    Filed 05/21/10    Entered 05/21/10 09:26:34    Desc Main Document    Page 9 of 9